U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 0 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TUNICA-BILOXI INDIANS OF LOUISIANA, D/B/A PARAGON CASINO RESORT | CIVIL ACTION NO. 02-1512 |
| -vs- | JUDGE LITTLE |
| KIRBY M. PECOT, D/B/A PECOT COMPANY AND ARCHITECTS, ET AL. | |

## MEMORANDUM RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is a motion for summary judgment [Doc. #395] filed by Defendant DesignTex Group, Inc., f/k/a J.M. Lynne, Inc. ("DesignTex"). Plaintiff, Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort ("Paragon"), filed an opposition to DesignTex's motion [#397]. DesignTex filed a reply to Paragon's response and sought to strike certain exhibits attached to Paragon's response [#403]. For the following reasons, the Defendant's motion for summary judgment is GRANTED.

### BACKGROUND

This case involves mold contamination that pervaded the construction project associated with the Paragon Casino Resort in Marksville, Louisiana. In particular, the procurement and installation of vinyl wall covering ("VWC") at the facility is at issue. Given the lengthy discussion of the facts and procedural history contained in this court's prior opinions with respect to this matter, the court finds it unnecessary to provide any further

recitation here.[1] DesignTex is the only remaining defendant in this case, having been added as a defendant in an amended complaint on 5 April 2004 [#263].

## DISCUSSION

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex

---

[1] See Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 227 F.R.D. 271 (W.D. La. 2005) (holding that supplier failed to establish good cause for filing third-party complaint after expiration of scheduling order's deadline for adding parties and granting motion to dismiss); Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 351 F. Supp. 519 (W.D. La. 2004) (holding that tribal court lacked jurisdiction); Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 248 F. Supp. 2d 576 (W.D. La. 2003) (denying motion to remand but granting motion to abstain pending exhaustion of tribal remedies).

2

Corp. v. Catrett, 477 U.S. 317, 325, the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

B.  **The Louisiana Products Liability Act**

As we are bound to apply the substantive law of Louisiana to this case, see Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001), we examine the Louisiana Products Liability Act ("LPLA"), codified at LA.

3

REV. STAT. ANN. § 9:2800.51 *et seq.* The LPLA, which governs product liability claims against a manufacturer, provides in pertinent part:

> (1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
> (a) A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product.
> (b) A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.
> (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.[2]

LA. REV. STAT. ANN. § 9:2800.53. In comparison, a seller is defined as "a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." Id. § 9:2800.53(2).

DesignTex contends that because it did not manufacture the vinyl wall covering, it cannot be considered a "manufacturer" under the LPLA and hence the LPLA is inapplicable. In response, Paragon contends that DesignTex held itself out as the manufacturer of the VWC in its contact with International Hospitality Suppliers ("IHS"), Paragon's agent. Paragon, however, does not point to sufficient facts or any authority in support of this proposition. We therefore find Paragon's argument unavailing. Moreover, this court declines to make an "adverse presumption" that DesignTex held itself out to be a

---

[2] We further note the limits set forth in the statutory text: "This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." LA. REV. STAT. ANN. § 9:2800.52.

4

manufacturer as Paragon requests.

In <u>Matthews v. Wal-Mart Stores, Inc.</u>, the Louisiana Court of Appeal for the Fourth Circuit held that a customer could not recover damages from a retailer under the LPLA in the absence of proof that the retailer manufactured the product in question or knew that it was defective. 708 So.2d 1248 (La. App. Ct.), <u>writ</u> <u>denied</u>, 720 So.2d 1281 (La. 1998). In reaching this conclusion, the court found "nothing in the record to suggest that defendant had any control over the lamp's design, construction, or quality," and that the seller did not hold itself out as the manufacturer. <u>Id.</u> at 1249.

Paragon cites <u>Bush v. J.C. Penney Co., Inc.</u>, No. 99-CV-2692, 2002 WL 1160083 (E.D. La. May 29, 2002), an unreported decision of the Eastern District Louisiana, in support of its argument. In that case, the court determined that the general instructions accompanying the halogen floor lamp sold by J.C. Penney demonstrated a genuine issue of material fact as to whether J.C. Penney labeled the product as its own or held itself out to be the manufacturer as defined in the LPLA. No such genuine issue of material fact exists here. Nor do we find <u>Peterson v. G.H. Bass and Co., Inc.</u>, 713 So.2d 806 (La. App. Ct. 1998), to be particularly enlightening to the matter at hand.

In affirming the grant of summary judgment in favor of a retailer in <u>Parks ex rel. Parks v. Baby Fair Imports, Inc.</u>, the Louisiana Court of Appeal for the Fifth Circuit held that the placement of an order for particular goods did not "rise to the level of exercising control over or influencing a characteristic of the design, construction or quality of the product." 726 So.2d 62, 68 (La. App. Ct. 1998). We agree that to so find here "would turn all sellers who

made specific selections of goods offered from manufacturers into manufacturers themselves." Id. We share the belief that the "legislature intended more direct and specific conduct" in order to subscribe to Paragon's argument. Id.

In short, DesignTex does not qualify as a manufacturer under the LPLA. DesignTex did not manufacture the VWC it sold to Paragon. Rather, it merely took an order from Paragon's agent and transmitted the order to the actual manufacturer, the Roysons Corporation. There is no credible evidence that DesignTex held itself out as the manufacturer of the VWC in any way. Nor did DesignTex determine the design, construction or quality of the product so as to come within the ambit of the LPLA. We further note that under Louisiana law, a non-manufacturer/seller is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects. Ferruzzi U.S.A., Inc. v. R.J. Tricon Co., Inc., 645 So.2d 685, 688 (La. App. Ct. 1994); Nelton v. Astro-Lounger Mfg. Co., Inc., 542 So.2d 128, 131 (La. App. Ct. 1989); Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040, 1043 (La. App. Ct.), writ denied, 434 So.2d 1106 (La. 1983).

Even though we have determined that DesignTex cannot be considered to be the manufacturer of the allegedly defective product, it still may be responsible for damages in tort. In some instances, a non-manufacturer/seller has a duty to warn a purchaser of defects and/or dangerous propensities in the products he sells. Adams v. Owens-Corning Fiberglas Corp., ___ So.2d ___, No. 2004 CA 1589, 2005 WL 2320272, *4 (La. App. Ct. Sept. 23, 2005). In the case of a defective product, the non-manufacturer/seller can be held liable for

6

damages in tort only if he knew or should have known that the product was defective and failed to declare the defect to the purchaser. See Jackson v. Sears Authorized Retail Dealer Store, 821 So.2d 590, 593 (La. Ct. App. 2002); Slaid v. Evergreen Indem., Ltd., 745 So.2d 793, 797 (La. App. Ct. 1999); Jones v. Employers Mut. Liab. Ins. Co., 430 So.2d 357, 359 (La. App. Ct. 1983). These issues are beyond the scope of the instant motion, which, as DesignTex aptly observes, addresses "the very narrow issue of whether or not it is a manufacturer under the LPLA."

## CONCLUSION

Based on the foregoing, the court GRANTS the Defendant's Motion for Summary Judgment [#395].

Alexandria, Louisiana

_/ February 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE