# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| TUNICA-BILOXI INDIANS OF LOUISIANA, D/B/A PARAGON CASINO RESORT | CIVIL ACTION NO. 02-1512 |
|---|---|
| -vs- | JUDGE LITTLE |
| KIRBY M. PECOT, D/B/A PECOT COMPANY AND ARCHITECTS, ET AL. | |

## MEMORANDUM RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Before the court is a motion for summary judgment [Doc. #412] filed by defendant DesignTex Group, Inc., f/k/a J.M. Lynne, Inc. ("DesignTex"). Plaintiff, Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort ("Paragon"), filed an opposition to DesignTex's motion [#416]. In addition, Paragon filed a cross-motion for summary judgment, incorporating the reasons set forth in its opposition [#418]. DesignTex filed a reply to Paragon's opposition [#423],[1] an opposition to Paragon's cross-motion [#424] and a motion for expedited ruling in this matter [#422]. For the following reasons, the defendant's motion for summary judgment is GRANTED while the plaintiff's motion is DENIED.

---

[1] DesignTex's motion for leave to file a reply brief [#423] is GRANTED.

**BACKGROUND**

The court resumes its consideration of the mold contamination that undermined the construction of the Paragon Casino Resort in Marksville, Louisiana, specifically, the vinyl wall covering ("VWC") used at the facility. We have discussed the factual background and procedural history on numerous prior occasions.[2] DesignTex is the last remaining defendant in this case.

**DISCUSSION**

**A.    Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

---

[2] See Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, No. 02-1512, 2006 WL 273604 (W.D. La. Feb. 2, 2006) (granting summary judgment as to DesignTex's status as non-manufacturer under Louisiana Products Liability Act); Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 227 F.R.D. 271 (W.D. La. 2005) (holding that supplier failed to establish good cause for filing third-party complaint after expiration of scheduling order's deadline for adding parties and granting motion to dismiss); Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 351 F. Supp. 2d 519 (W.D. La. 2004) (holding that tribal court lacked jurisdiction); Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, 248 F. Supp. 2d 576 (W.D. La. 2003) (denying motion to remand but granting motion to abstain pending exhaustion of tribal remedies).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405

(5th Cir. 2003) (internal citations omitted).

The mere fact that both parties argue that there are no genuine issues of material fact does not automatically mean that a trial is unnecessary or that no factual issues exist. See John v. Louisiana, 757 F.2d 698, 705 (5th Cir. 1985). Cross-motions must be considered separately because each movant bears the burden of establishing that no genuine issue as to a material fact exists and that it is entitled to judgment as a matter of law. See Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 538-39 (5th Cir. 2004). If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, this court may render summary judgment. Id. at 539. Moreover, we apply the substantive law of Louisiana to this case. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-79 (1938); Am. Nat'l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir. 2001).

**B.     DesignTex's Duty to Warn**

We have previously determined that DesignTex cannot be considered to be the manufacturer of the allegedly defective product. Thus, the Louisiana Products Liability Act ("LPLA"), codified at LA. REV. STAT. ANN. § 9:2800.51 *et seq.*, does not apply to DesignTex. The LPLA provides a statutory framework for determining manufacturer liability in Louisiana. See LA. REV. STAT. ANN. § 9:2800.52 (LPLA provides exclusive theories of liability for manufacturers). "A non-manufacturer seller . . . is not subject to the limited strict liability imposed by the LPLA." Thomas C. Galligan, Jr., *Contortions along the Boundary between Contracts and Torts*, 69 TUL. L. REV. 457, 495 (1994). The less stringent standard imposed upon a non-manufacturing seller avoids the "unduly onerous burden" of making it a "guarantor against defects over which it had no control or

4

responsibility." See Jackson v. Sears Authorized Retail Dealer Store, 821 So. 2d 590, 593 (La. Ct. App. 2002) (affirming summary judgment in favor of retailer). As such, we must determine whether DesignTex is responsible for damages in tort for failure to warn.

In its first supplemental and amending petition for damages, Paragon alleges that DesignTex was negligent with respect to the VWC for failure to supply wallpaper fit for intended use; failure to warn of proper use; failure to instruct regarding proper installation and to ensure installation by trained installers; failure to provide sufficient design information and details to enable proper use; failure to investigate, research, and advise installers, contractors and designers of the likelihood of hazards such as mold; failure to warn of the known risk of mold contamination; and the sale and distribution of wallpaper defective in design/manufacture, for which known alternatives existed at the time. See Am. Compl. ¶ 14. DesignTex argues that it had no duty to warn Paragon of the potential mold risk associated with VWC and that Paragon knew or reasonably should have known of such risk.

As previously observed, in some instances a non-manufacturing seller has a duty to warn a purchaser of defects or dangerous propensities in the products he sells. Adams v. Owens-Corning Fiberglas Corp., 923 So. 2d 118, 123 (La. Ct. App. 2005) (holding that genuine issue of material fact as to whether alleged manufacturer was manufacturer or professional vendor precluded summary judgment). In the case of a defective product, "one which is unreasonably dangerous in normal use," the non-manufacturing seller can be held liable for damages in tort only if he knew or should have known that the product was defective and failed to declare the defect to the purchaser. Id.; see Jackson, 821 So. 2d at 593; Slaid v. Evergreen Indem., Ltd., 745 So. 2d 793, 797 (La. Ct. App. 1999); Jones v.

5

Employers Mut. Liab. Ins. Co., 430 So. 2d 357, 359 (La. Ct. App. 1983). A non-manufacturing seller, however, is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects. Ferruzzi, U.S.A., Inc. v. R.J. Tricon Co., Inc., 645 So. 2d 685, 688 (La. Ct. App. 1994) (affirming dismissal of non-manufacturing seller as well as manufacturer); Nelton v. Astro-Lounger Mfg. Co., Inc., 542 So. 2d 128, 131 (La. Ct. App. 1989); Harris v. Atlanta Stove Works, Inc., 428 So. 2d 1040, 1043 (La. Ct. App.), cert. denied, 434 So. 2d 1106 (La. 1983). Unlike a manufacturer, a seller is not presumed to know of its products' vices. Kelly v. Price-Macemon, Inc., 992 F.2d 1408, 1414 (5th Cir. 1993) (internal citations omitted).

"Louisiana courts have consistently held that a seller's duty to warn goes only to those dangers which are not obvious – the seller has no duty to warn of dangers of which the user is or should be aware." Id. (internal citations omitted). Users with knowledge and sophistication with respect to a particular product may be presumed to know about the inherent dangers of a product "because of their familiarity with the product." Contranchis v. Travelers Ins. Co., 839 So. 2d 301, 303-04 (La. Ct. App. 2003) (sheet metal supplier had no duty to warn builder of metal buildings because builder was "sophisticated user" of sheet metal and had "prior knowledge of applicable safety procedures"). Paragon cites Ferruzzi to suggest that the "sophisticated user" doctrine is inapplicable to non-manufacturing sellers. We conclude that the Ferruzzi court did not reach the "sophisticated user" issue with respect to the non-manufacturing seller, holding it to a lesser standard than the manufacturer. See Ferruzzi, 645 So. 2d at 688. Furthermore, in Contranchis, the court applied this analysis to a non-manufacturing seller. Contranchis, 839 So. 2d at 304. DesignTex argues that it owed

6

no duty to warn because Paragon had knowledge and sophistication with respect to the VWC. We must therefore ascertain whether the requisite level of familiarity with the VWC in question can be imputed to Paragon.

An architect is an agent of the owner when the architect acts as the owner's supervisor of a project, but is an independent contractor when preparing plans. Milton J. Womack, Inc. v. House of Representatives, 509 So. 2d 62, 67-68 (La. Ct. App.), cert. denied, 513 So. 2d 1208 and 513 So. 2d 1211 (La. 1987); see also Pointe Coupee Shell & Limestone, Inc. v. Mar-Len of Louisiana, Inc., 594 So. 2d 958, 959-60 (La. Ct. App. 1992) (finding Womack analysis applicable to engineers); Orleans Parish School Bd. v. Goodyear Tire and Rubber Co., No. 94-2613, 1995 WL 373293, at *5-*6 (E.D. La. Jun. 21, 1995) (applying Womack standard when considering whether acts of architect bind building owner and finding that architects "did much more than prepare the [project] plans"). Here, Kirby M. Pecot ("Pecot") served as the architect for Paragon's construction project. Not only did Pecot prepare the plans, he also provided "construction supervision services," visiting the job site and offering consultation via telephone. Compl. ¶ 3; Def.'s Ex. 2, p. 43, lns. 8-25; Def.'s Ex. 2, p. 44, lns. 5-10. As such, he is deemed Paragon's agent.

"It is a well settled principle that knowledge possessed by the agent is imputed to the principal even if the agent neglected to specifically convey those facts to the principal." Bell v. Demax Management Inc., 824 So. 2d 490, 493 (La. Ct. App. 2002) (internal citations omitted). Pecot has practiced architecture for over twenty-five years and is licensed in nineteen states. He has taken special courses relating to mold prevention, remediation and abatement, citing this subject as a "critical issue" and acknowledging that "the consequences

7

are fairly serious." Def.'s Ex. 2, p. 8, lns. 13-15; p. 10 lns. 2-8. Pecot was aware of the risk of mold growth associated with the VWC used in the Paragon construction project. Def.'s Mem. 12-14. This risk was further reflected in the background literature upon which Pecot relied in order to discharge his duties. <u>Id.</u> at 15. Thus, we conclude that Pecot, and therefore by operation of law Paragon, was sufficiently knowledgeable regarding the VWC used and its inherent risks. DesignTex had no duty to warn Paragon.

## **CONCLUSION**

Based on the foregoing, the defendant's motion for summary judgment [#412] is GRANTED. Plaintiff's cross-motion for summary judgment [#418] is DENIED. Defendant's motion for expedited ruling [#422] is DENIED AS MOOT.

Alexandria, Louisiana

3 May 2006

F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE